<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD THOMPSON, | Civil Action No. 13-4140 (JAP) |
| Plaintiff, | |
| v. | **OPINION** |
| ABU ASHAN, et al., | |
| Defendants. | |

**APPEARANCES**:

    Richard Thompson
    Prison 568688
    SBI # 00S0158535
    New Jersey State Prison
    PO Box 861
    Petitioner Pro Se

**PISANO, District Judge**:

    This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983.  As set forth below, the Complaint will be dismissed.

## I.   BACKGROUND

    The following factual allegations are taken from the complaint and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.   Plaintiff is an inmate at New Jersey State Prison and names as defendants two medical professionals employed at New Jersey State Prison: Doctor Abu Ahsan and Nurse Practitioner Lynn Johnson.   Plaintiff alleges that on February 5, 2013, he submitted a sick call form to request an appointment with a podiatrist concerning Plaintiff's fallen arches.   On

February 6, 2013, Plaintiff had an appointment with Susan Springler, RNC (whom Plaintiff does not name as a defendant in this action) and was then scheduled for a sick call appointment with a nurse. On the following day, February 7, 2013, Plaintiff had an appointment with Lance Carver, RN (also not a defendant in this matter). At that appointment, Plaintiff stated claims of back and foot pain resulting from his fallen arches. Plaintiff was then referred for an appointment to see a nurse practitioner. On February 11, 2013, Plaintiff had an appointment with the Nurse Practitioner Lynn Johnson, at which Plaintiff made complaints of back and foot pain resulting from his fallen arches. Plaintiff requested an appointment with a podiatrist so that he may be given arch supports. Plaintiff was told by Johnson that Doctor Abu Ahsan had been consulted prior to the appointment and had stated that the medical department did not provide arch supports. Plaintiff was also informed that he would not be given an appointment with a podiatrist but that he may purchase arch supports through the commissary.

Plaintiff states that he continues to suffer from fallen arches and the resulting back and foot pain. Plaintiff alleges that he had previously been given arch supports around 2010 by Nurse Barbara Brown. Plaintiff states that he has sought relief through the prison administrative remedy process with respect to this issue but has not received the relief requested.

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity. The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*.  *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

### III.   DISCUSSION

For the purposes of Eighth Amendment challenges asserting denial of medical care, the court must determine whether the asserted facts show: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  The *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his

serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). An inmate's disagreement with medical professionals "as to the proper medical treatment" does not support an Eighth Amendment violation. *Monmouth Cnty. Corr. Inst. Inmates*, 834 F.2d at 346. "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.3d at 110.

Here, according to Plaintiff's allegations, his medical complaints were assessed by medical staff. Nurse Practitioner Johnson conferred with Doctor Ahsan regarding the issue, conducted an appointment with Plaintiff, and determined a course of action. Simply because Plaintiff does not agree with the diagnosis and lack of follow up treatment does not give rise to a constitutional complaint. Plaintiff has not offered any allegations of deliberate indifference to his medical needs. He was seen by medical professionals and advised that he may purchase arch supports at the commissary. Although he states that he had previously received arch supports from medical staff, that fact alone does not indicate that Defendants here exhibited a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).

Thus, the allegations of the complaint regarding his Eighth Amendment medical claim fall short of the requirements to support such a claim and the complaint will be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed.   An appropriate order follows.


       /s/ Joel A. Pisano
    JOEL A. PISANO, U.S.D.J.

DATED:   February 28, 2014