NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD THOMPSON, | Civil Action No. 13-4140 (JAP) |
| Plaintiff, | |
| v. | OPINION |
| ABU ASHAN, et al., | |
| Defendants. | |

**APPEARANCES**:

    Richard Thompson
    Prison 568688
    SBI # 00S0158535
    New Jersey State Prison
    PO Box 861
    Petitioner Pro Se

**PISANO, District Judge**:

    This matter was before the Court on Plaintiff's filing of a Complaint pursuant to 42 U.S.C. § 1983. The Complaint was dismissed. Presently before the Court is Petitioner's motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 8.) The Clerk will be ordered to reopen this matter so that the Court may rule on the motion. For the following reasons, Petitioner's motion for reconsideration will be denied.

**I.  BACKGROUND**

    Plaintiff brought his Complaint before this Court under 42 U.S.C. § 1983, alleging violation of the Eighth Amendment due to deliberate indifference toward Plaintiff's medical needs. The Complaint was dismissed because Plaintiff did not assert facts to show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v.*

*Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  Specifically, this Court held that the allegations of the complaint regarding his Eighth Amendment medical claim fall short of the requirements to support such a claim since Plaintiff had stated in his Complaint that he had been seen by certain medical staff and had been given a suggested course of treatment.

In his motion for reconsideration, Plaintiff contends that this Court mistakenly determined that he was seen by medical professionals.  However, as Plaintiff states in his Complaint and as discussed in this Court's earlier opinion, Plaintiff did have interactions with various members of the facility medical staff.  (*See* Dkt. Nos. 1, 6.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'"  *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)).  "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances."  *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d

Cir. 1993)).  "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken."  *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

With respect to some of the individual provisions of Rule 60(b), "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)).  The moving party bears the burden of establishing that changed circumstances exist.  *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances.  *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted).  "Such circumstances rarely occur in the habeas context."  *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For the purposes of this Opinion, the Court will assume, without deciding, that petitioner filed his Rule 60(b) motion within a "reasonable time."

In his motion, Plaintiff suggests that this Court reconsider its decision to dismiss his Complaint because he was denied medical treatment.  Plaintiff now states that the medical advice that he received was an "off the cuff remark about buying arch supports."  The Court examined Plaintiff's recitation of facts and determined that he was not denied medical care such that Defendants actions could be characterized as reckless disregard of a known risk of harm.  *See Farmer*

3

*v. Brennan*, 511 U.S. 825, 837–38 (1994).  It appears that Plaintiff is attempting to assert that he was not properly treated, however, as stated in this Court's earlier opinion, an inmate's disagreement with medical professionals "as to the proper medical treatment" does not support an Eighth Amendment violation.  *Monmouth Cnty. Corr. Inst. Inmates*, 834 F.2d at 346.  Although Plaintiff states in his motion that he was "NEVER" seen by medical professionals, his Complaint asserts facts to indicate that he was seen by various members of the medical staff, including an instance where Nurse Practitioner Johnson conferred with Doctor Ahsan regarding Plaintiff's medical complaint, conducted an appointment with Plaintiff, and determined a course of action.

Plaintiff has not shown the extraordinary and special circumstances necessary to obtain relief under Rule 60(b)(6).  *See Pridgen*, 380 F.3d at 728.  As stated in this Court's earlier Opinion, Plaintiff has not offered any allegations of deliberate indifference to his medical needs.  Plaintiff presents no facts or arguments to show that Defendants here exhibited a state of mind equivalent to reckless disregard of a known risk of harm.  Accordingly, Plaintiff's motion for relief from judgment pursuant to Rule 60(b) will be denied.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  An appropriate order will be entered.

                                                     /s/ Joel A. Pisano
                                                  JOEL A. PISANO
                                                  United States District Judge

DATED:  June 9, 2014